**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. ___25-6652-MJ-STRAUSS___

UNITED STATES OF AMERICA

v.

CARLOS MANUEL VILLANUEVA,
ERIC RENARD BEDFORD,
JORGE CRUZ GARCIA,
AND JOHN RYAN BOXIE,
                    **Defendants.**
_____/

```
FILED BY____AT____D.C.

Nov 11, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL
```

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2.  Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No

3.  Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  No

4.  Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:     ___/s Adam M. Love___
        Adam M. Love
        Assistant United States Attorney
        Court ID: A55003182
        99 NE 4th Street, 6th Floor
        Miami, FL 33132
        Adam.love@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Carlos Manuel Villanueva, Eric Renard Bedford, Jorge Cruz Garcia, and John Ryan Boxie, | ) ) ) ) ) ) | Case No.  25-6652-MJ-STRAUSS |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ November 10, 2025 _____ in the county of _____ Broward _____ in the _____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S. Code Section 371 | Conspiracy to Commit Offense Against the United States |
| 18 U.S. Code Section 641 | Theft of Government Money or Property |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Henry Perez, Special Agent, USPIS OIG
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime.

Date:    11/11/2025

_____
*Judge's signature*

City and state:          Fort Lauderdale, FL

Honorable Jared M. Strauss, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Henry Perez, first being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I am employed as a Special Agent with the United States Postal Service, Office of Inspector General ("USPS-OIG") and have been so employed since January 2011. I attended the Federal Law Enforcement Training Center (FLETC) in Brunswick, GA and completed the Criminal Investigator Training Program (CITP). I am currently assigned to the Southern Area Field Office, Miami Resident Office of the USPS-OIG, specifically, to the Internal Mail Theft Team. I also assigned to the United States Secret Service, South Florida Organized Fraud Task Force. As a Special Agent, I investigate crimes, including theft of mail, identity theft, and fraud. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code; that is, I am an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 18, 21 and 31 of the United States Code. I am also a native Spanish speaker and can fluently read, write, and speak Spanish.

2.     I submit this affidavit for the limited purpose of establishing probable cause that, Carlos Manuel Villanueva (hereinafter "VILLANUEVA"),   John Ryan Boxie (hereinafter "BOXIE),  Eric Renard Bedford (hereinafter "BEDFORD), and Jorge Cruz Garcia (hereinafter "GARCIA ) (collectively, the "SUBJECTS") conspired together to violate Title 18, United States Code, Section 371, Conspiracy to Defraud the United States, and 18 U.S. Code 641, Theft of Government Money or Property, on or about November 10, 2025.

3.     I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation,

discussions with other law enforcement officials, and from my review of records, witness statements, and reports relating to the investigation. This Affidavit is intended to show merely there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

4. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of arrest warrant, it does not contain every material fact currently known by me related to this investigation; however, no information known to me that would tend to negate probable cause has been withheld from this affidavit.

## PROBABLE CAUSE

### *Start of the Investigation*

5. In and around November 2025, federal law enforcement received information from a source of information that an individual named VILLANUEVA had pictures, videos, and direct access to a stolen United States Treasury Check for approximately $27,910,676.69 payable to Company 1 located in Richmond, VA ("Company 1"). VILLANUEVA indicated to the source of information that he was looking for assistance in negotiating the check.

6. Through investigation, your Affiant confirmed with the U.S. Treasury Bureau of Fiscal Service (BFS) the above referenced was issued as check No. 4045-567285037, in the amount of $27,910,676.69 (the "Check"), was issued to Company 1.

7. BFS records authenticated the check and as date of this affidavit, it has not been negotiated. In the normal course of business, BFS mails the tax refund checks using the USPS in Philadelphia, PA or Kansas City, MO. From there the USPS delivers the checks to the recipients.

## *Undercover Operation*

8.      On or about November 5, 2025, VILLANUEVA contacted an individual he believed to be a "Banker" who could facilitate the negotiation of the Check. This "Banker" is, in fact, an Undercover Officer (UC) with the United States Treasury Inspector General for Tax Administration (TIGTA). In communications with the UC, VILLANUEVA provided the UC with photographs and videos of the Check, indicated that he had seen it, and is looking for help to negotiate the Check. VILLANUEVA made several statements to the UC in furtherance of the conspiracy, including the follow, in sum and substance:

a)      Company 1 was "closed," which the SUBJECTS believed prevented them from cashing it through legitimate means.

b)      That the Check would "expire" on November 12, 2025, creating a sense of urgency.

c)      That the individuals who physically possessed the Check, later identified as the SUBJECTS, were outside the state of Florida and attempting to find a way to cash the Check, and VILLANUEVA could recall them to Florida to deal with the UC.

d)      That one or more of the SUBJECTS "have access to other checks of a large amount and can get more."

## *Overt Acts in Furtherance of the Conspiracy* 1

9.      On or about November 6, 2025, VILLANUENA confirmed to the UC that he had met with one or more of the SUBJECTS and saw the Check. VILLANUENA again confirmed that one or more of the SUBJECTS were willing to travel and provide the Check to the UC for deposit, based on the UC's representation that an account could be established for its deposit.

10.     On or about November 7, 2025, VILLANUENA coordinated logistics with the UC for a face-to-face meeting and stated that one or more of the SUBJECTS would meet the UC in

person to deliver the Check. During this communication, VILLANUENA discussed the planned distribution of the proceeds once the Check was deposited. VILLANUENA stated his "cut" would be 20%, or approximately $5.6 million. He further asked the UC to create three separate accounts to disburse the funds and discussed methods to "take all the money out" over several months. On or about November 8, 2025, VILLANUENA and the UC finalized the plan, agreeing to meet on November 10, 2025, at a restaurant in Pembroke Pines, Florida (the "Restaurant").

### *Meeting at the Restaurant*

11.     On November 10, 2025, VILLANUENA and the UC met at approximately 11:45 AM inside the Restaurant. During their meeting, they discussed how the check would be negotiated and divided among the parties involved. VILLANUENA mentioned that the SUBJECTS were expected to arrive around 12:40 PM.

12.     At approximately 12:40 PM, an unknown Hispanic male, later identified as GARCIA, arrived in an Uber at the restaurant. He was wearing a white shirt and blue jeans and introduced himself as David. GARCIA claimed to have extensive experience in negotiating stolen checks, particularly United States Treasury checks. He also mentioned that he operates a business that is used to funnel the proceeds from these stolen checks.

13.     GARCIA discussed with the UC the possibility of opening three separate accounts to distribute the proceeds from the Check among them. He confirmed that he had previously sent pictures and videos of the check to VILLANUEVA. The UC agreed to assist GARCIA with his requests. GARCIA expressed his desire to access his bank account, and the UC consented to this. He also mentioned that he wants to transfer as much money as possible through wire transfers to various accounts he has set up with different businesses. The UC confirmed that he would facilitate this process for GARCIA.

14. At approximately 1:20 p.m., a white Maserati with Virginia license plate TNB7640 circled the parking lot of the restaurant several times before parking in a lot adjacent to it. BOXIE exited the Maserati and began walking towards the restaurant, while GARCIA answered a call and met BOXIE outside. Soon after, BOXIE, BEDFORD, and GARCIA entered the restaurant and joined VILLANUEVA and UC at their table. BOXIE introduced himself as an accountant with extensive financial and banking experience, having worked with two tax preparation firms in Houston, TX.

15. BOXIE led the discussion and asked the UC about his ability to open both business and personal accounts and indicated that the Check was in his possession for almost a year because he could not find someone to negotiate it. BOXIE and the UC confirmed a business account would be better because of the large amount with BOXIE continuing to discuss with BEDFORD how they were going to further the scheme.

16. The SUBJECTS discussed structuring payments to avoid any red flags. BOXIE asked the UC to move $300,000.00-$400,000.00 daily into several sub-accounts. BOXIE and BEDFORD conferred and agreed to this plan. BOXIE, BEDFORD, and GARCIA debated who would have mobile app access to the new account, ultimately deciding BEDFORD would be the point person.

17. After the UC and the SUBJECTS agreed on the plan and the 20% cut, BOXIE signaled to BEDFORD. BEDFORD left the Restaurant, walked to the Maserati, and retrieved a white envelope from the vehicle. He then returned to the table and, in the presence and with the agreement of BOXIE and GARCIA, physically transferred the white envelope to the UC. The UC opened the envelope and confirmed it contained the Check.

18.     Upon transfer of the Check, the transfer of the stolen property, law enforcement officers monitoring the meeting converged and detained the SUBJECTS and transported them to the USPIS Office for processing and interview.

19.     Based on this investigation and the above stated information, I submit there is probable cause to believe that the SUBJECTS, conspired together to violate Title 18, United States Code, Section 371, Conspiracy to Defraud the United States, and 18 U.S. Code 641, Theft of Government Money or Property, on or about November 10, 2025.

Henry Perez, Special Agent
Office of Inspector General
United States Postal Service

Sworn and subscribed by FaceTime before me this   11th day of November 2025.

HONORABLE JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 25-6652-MJ-STRAUSS

### BOND RECOMMENDATION

DEFENDANT: Eric Renard Bedford

10% Bond with Nebbia; GPS monitoring

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   Adam M. Love

Last Known Address: 4101 Shelby Cir.

Houston, TX 77051

What Facility:

Agent(s): Henry Perez

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
United States Postal Service - Office of the Inspector General

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 25-6652-MJ-STRAUSS

### <u>BOND RECOMMENDATION</u>

DEFENDANT: John Ryan Boxie

10% Bond with Nebbia

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   Adam M. Love

Last Known Address: 922 TC Jester

Houston, TX 77006

_____

What Facility:   _____

_____

Agent(s):   Henry Perez

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
United States Postal Service - Office of the Inspector General

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 25-6652-MJ-STRAUSS

### BOND RECOMMENDATION

DEFENDANT: Jorge Cruz Garcia

10% Bond with Nebbia

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   Adam M. Love

Last Known Address: 6211 Scotchwood Drive

Katy, TX 77449

What Facility:

Agent(s):   Henry Perez

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

United States Postal Service - Office of the Inspector General

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: __25-6652-MJ-STRAUSS__

### **BOND RECOMMENDATION**

DEFENDANT: __Carlos Manuel Villanueva__

__10% Bond with Nebbia__

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   Adam M. Love

Last Known Address: __6283 West 24th Ave., Apt 205__

__Hialeah, FL 33016__

_____

What Facility:   _____

_____

Agent(s):   __Henry Perez__

(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)

United States Postal Service - Office of the Inspector General